UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT BARTLETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02344AGF |
| ) | |
| ROCK TOWNSHIP ) | |
| AMBULANCE DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

In this action brought under 42 U.S.C. § 1983, two former employees of the Rock Township Ambulance District allege that their First Amendment rights were violated when they were terminated from their employment in retaliation for engaging in protected speech. They name as Defendants the Ambulance District, the Paramedic Chief of the District, and six members of the District's Board of Directors. The seven individual Defendants are sued in their official and individual capacities. In their First Amended Complaint, Plaintiffs seek, along with other relief, punitive damages against the individual Defendants in their individual capacities only for their "wanton and reckless disregard for Plaintiffs' first amendment rights." Now before the Court is the joint motion filed by the individual Defendants to strike this request for punitive damages.

Defendants are correct that punitive damages would not be recoverable against the Ambulance District or against the individual Defendants in their official capacities. While this point was valid when addressed to Plaintiffs' original complaint, which sought punitive damages against all Defendants, the point is now moot, as in the First Amended

Complaint, Plaintiffs clearly limit their request for punitive damages against the individual Defendants in their individual capacities. "Punitive damages may be assessed in a § 1983 case when a 'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Swipies v. Kofka*, 419 F.3d 709, 717-18 (8th Cir. 2005) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). "[T]o prove reckless indifference, requires evidence that the defendant acted in the face of a perceived risk that his or her actions would violate federal law." *Id.* (quoted source omitted). Here, the Court concludes that taking the allegations in the complaint as true, a jury could impose punitive damages against the individual Defendants in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to strike Plaintiffs' prayer for punitive damages is **DENIED**. [Doc. #22]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2011.