UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN BOYER and SCOTT BARTLETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:10CV02344 AGF ) |
| ROCK TOWNSHIP AMBULANCE DISTRICT, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This action is before the Court on Defendants' motion (Doc. No. 48) to compel responses to one Interrogatory and three Requests for Production of documents. Plaintiffs argue that the communications and documents sought are protected by either the attorney-client privilege or a privilege protecting communications between a union member and a union representative. For the reasons set forth below, the motion to compel shall be granted in part.

## BACKGROUND

Plaintiffs brought this action against their former employers under 42 U.S.C. § 1983, claiming that Defendants terminated Plaintiffs' employment as paramedics in violation of the First Amendment and in retaliation for whistleblowing. Plaintiffs were members of the International Association of Fire Fighters, Local 2665 ("the Local"). According to Plaintiffs, "[i]f a union member has an issue which requires the assistance

of legal counsel, he must bring it before the Executive Board, through the District Vice President, to request that the Union provide such representation, including funding of litigation against his employer." The Executive Board would determine, on a case by case basis, whether or not to provide legal counsel to the member. If the Executive Board agreed to fund litigation, it would also decide which attorney it wished to represent the aggrieved member.

Pursuant to this procedure, Plaintiffs brought their complaints against Defendants to District Vice President Tim Hoffman. The Local determined to provide legal counsel to Plaintiffs and hired the Law Offices of Rick Barry, P.C., ("Barry") to represent them. Barry was also on retainer with the Local to provide legal advice for regular day to day issues. Immediately preceding and after their terminations, Hoffman accompanied Plaintiffs to several meetings with Barry, at which Plaintiffs discussed the subject matter of their complaint.

In Interrogatory No. 19, directed to each Plaintiff, Defendants requested a response to the following:

> 19. Identify each officer, agent, director and/or employee of [the Local], with whom Plaintiff has discussed any of the matters referenced in his Complaint
> and for such each individual:
>
> a. The name of such individual(s);
> b. The address and telephone number of each such person; and
> c. The substance of the matters discussed with said individual.

Defendants' Requests for Production of Documents dd and ee directed to each Plaintiff requested the following:

> dd. All documents exchanged between Plaintiff and [the Local] relating to the matters referenced in the complaint and/or Interrogatory Answers.
>
> ee. All documents and/or grievances exchanged between Plaintiff and/or Defendant and/or [the Local] relating to Plaintiff.

Defendants also requested production of the fee agreement between the Local and Plaintiffs.

Both Plaintiffs objected to the Interrogatory asserting the attorney-client privilege insofar as the requests related to communications between Plaintiffs and Hoffman in the presence of Barry, and to Request for Production dd, asserting the attorney-client privilege. One Plaintiff raised the same objections to Request for Production ee, while the other Plaintiff objected to that request on the ground that Defendant already possessed any such documents in that Plaintiff's personnel file.

In an attempt to resolve the discovery dispute, Defendants asserted that the attorney-client privilege was waived by Hoffman's presence at Plaintiffs' meetings with Barry; and that the requests for production of documents did not seek documents exchanged between Plaintiffs and Barry, but just documents exchanged between Plaintiffs and the Local, so that the attorney-client privilege did not apply to these requests.

In response, Barry asserted that during his representation of a member of the Local, he maintained a dual client relationship with that member and the Executive Board

3

of the Local, and that thus all conversations between Barry and Plaintiffs, while in the presence of Hoffman, were protected by the attorney-client privilege, as Barry was representing both the union and its officers, as well as the individual members. (Doc. No. 49 at 4.) Barry posited that this type of dual-client relationship was akin to that of a defense attorney who represented both an individual defendant and the insurance carrier who was paying for the attorney to represent the individual defendant, and that "[c]ertainly, an adjuster discussing litigation with the defense attorney, in the presence of the individual defendant, does not waive the attorney-client privilege."

## ARGUMENTS OF THE PARTIES

In support of their motion to compel, Defendants point to the absence of any federal authority supporting the proposition that there is a confidential privilege protecting communications between a union and its members. "Accordingly, any communication between Plaintiffs and [Hoffman] where Plaintiffs' counsel were present are [sic] not protected by the attorney/client privilege. Rather, the presence of [Hoffman] destroys the attorney/client privilege. Moreover, the attorney/client privilege certainly does not protect any agreement or written communications between Plaintiffs and their Union representatives."

In response, Plaintiffs maintain that Hoffman, as an Executive Board member of the Local, was not a third party whose presence destroyed the attorney-client privilege because Hoffman held a position of trust and authority over Plaintiffs; Plaintiffs believed the conversations at issue were confidential; Hoffman used his expertise and experience

4

to assist Barry in his legal representation; and Hoffman was contractually responsible to ensure preservation of Plaintiffs' employment rights. Plaintiffs argue that holding otherwise would diminish the relationship between unions and their members, and would inhibit members' ability to communicate freely with the attorney hired by the Local to represent them in any given matter.

Plaintiffs reassert their analogy, comparing the communications they seek to protect to communications between an insurer and its insured, which Missouri courts recognize as privileged. Plaintiffs also reassert their argument that Barry has a dual client relationship, similar to that held by a defense attorney who has been appointed by an insurance carrier to represent a defendant in a motor vehicle accident case. Plaintiffs also ask the Court to find, as a matter of first impression in this circuit, that a union-member-union representative privilege exists. Lastly, Plaintiffs request that, in the event the Court declines to find such a privilege, a protective order be entered protecting the fee arrangement from disclosure to those outside the litigation.

Defendants reply that neither the Executive Board members nor any other representatives of the Local are confidential agents of Plaintiffs, and that any of these individuals are third parties whose presence and hearing would, and here did, destroy the attorney-client privilege.

## **DISCUSSION**

Because this case arises under federal question jurisdiction, the federal law of privilege applies. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). Rule 501 of the

5

Federal Rules of Evidence states that generally "[t]he common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege."

A party withholding discoverable information on the ground that it is privileged has the burden of establishing that privilege. *Id* at 196. As Plaintiffs acknowledge, there is no precedent from the Eighth Circuit or this District Court finding a union member-union representative privilege, and the Court is not inclined to find that such a privilege exists absent such authority. Rather the Court will follow the weight of federal authority that no such privilege exists. *See Jenkins v. Bartlett*, 487 F.3d 482, 491 n.6 (7th Cir. 2007) ("We do not suggest that an independent privilege exists for communications between an individual and his union representative."); *but see Bell v. Village of Streamwood*, 806 F. Supp. 2d 1052, 1056-57 (N.D. Ill. 2011) (recognizing a new employee-union representative privilege under federal common law to communications made (1) in confidence; (2) in connection with representative services relating to anticipated or ongoing disciplinary proceedings; (3) between an employee and his union representative; (4) where the union representative is acting in his or her official representative capacity). Thus Defendants' motion to compel will be granted with respect to their Requests for Production, as limited by Defendants solely to communications between Plaintiffs and the Local. The Court will grant Plaintiffs' request for a protective order as to the fee agreement at issue.

The question remains at to whether Plaintiffs' communications with Hoffman during the meetings with Barry are privileged. Both sides approach this question as

whether Hoffman's presence destroyed the attorney-client privilege. The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). The privilege must be strictly construed because of the "adverse effect of its application on the disclosure of truth." *Id.* Thus, ordinarily, statements made by a client to his attorney in the presence of a third person do not fall within the privilege, even when the client wishes the communication to remain confidential, because the presence of the third person is normally unnecessary for the communication between the client and his attorney. *Jenkins*, 487 F.3d at 490-91; *McDonnell Douglas Corp. v. United States E.E.O.C.*, 922 F. Supp. 235, 243 (E.D. Mo. 1996).

However, there is an exception to the general rule when that third party is present to assist the attorney in rendering legal services. 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 183 at 312 (2d ed. 1994). There is also an exception if the party invoking the privilege establishes that he shared a common legal interest with the third party. *Navitagors Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 4:06CV1722 SNLJ, 2009 WL 465584, at *4 (E.D. Mo. Feb. 24, 2009). Thus, if Hoffman were present during Plaintiffs' meeting with Barry in order to assist Barry in rendering legal services to Plaintiffs, or if Hoffman and Plaintiffs shared a common legal interest, Hoffman's presence might not defeat Plaintiffs' claim of privilege.

In *Jenkins*, the Seventh Circuit affirmed the district court's holding that the

7

presence of the defendant's union representative during conversations between the defendant and his attorney did not destroy the attorney-client privilege, where the district court found, based upon testimony presented at an evidentiary hearing, that the defendant's union representative was present in order to assist the attorney in rendering legal services to the defendant. *Jenkins*, 487 F.3d at 491 & n.6. Here, however, Plaintiffs have presented no evidentiary support for the proposition that Hoffman was present at their meetings with Barry to render legal assistance, or that Hoffman and Plaintiffs shared a common legal interest. Thus, Plaintiffs have not provided the Court with the type of evidentiary support necessary to meet their burden to defeat Defendants' motion to compel.

Rather than grant Defendants' motion to compel at this point, however, the Court will allow Plaintiffs ten days from the date of this Memorandum and Order to supplement their opposition to Defendants' motion to compel, with proper evidentiary support. Defendants shall have ten days thereafter to respond.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel is **GRANTED in part**. (Doc. No. 48.) Plaintiffs shall, within ten days of this Memorandum and Order, respond to the discovery requests at issue, with the exception of requests involving communications in the presence of Plaintiffs' attorney. Absent the filing by Plaintiffs of a supplemental opposition to Defendants' motion to compel, by **April 6, 2012**, the motion

shall be granted in all remaining aspects.

**IT IS FURTHER ORDERED** that the parties shall enter into a protective order that protects the fee arrangement between Plaintiffs and the Local from disclosure to others outside this litigation.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2012.